```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------X
ALTON LAWSON,

                    Petitioner,

      -against-                              MEMORANDUM & ORDER
                                             10-CV-0477 (JS)

JUSTIN TAYLOR,

                    Respondent.
-----------------------------------X
APPEARANCES:
For Petitioner:     Alton L. Lawson, Sr.
                    08R0058
                    Elmira Correctional Facility
                    P.O. Box 500
                    Elmira, NY 14902-0500

For Respondent:     Jason Richards, Esq.
                    Nassau County District Attorney's Office
                    262 Old Country Road
                    Mineola, NY 11501
```

SEYBERT, District Judge:

Pending before the Court are pro se habeas Petitioner Alton Lawson's ("Petitioner") requests (1) to appoint counsel; (2) to be released from prison pending the Court's decision on his petition; and (3) for discovery. For the reasons discussed below, all three of Petitioner's requests are DENIED, but without prejudice to re-apply for appointed counsel at a later time.

BACKGROUND

Petitioner challenges his convictions of Grand Larceny in the Second Degree, Grand Larceny in the Third Degree, and

Scheme to Defraud in the First Degree on the following five grounds: (1) that the trial court violated Petitioner's Fifth Amendment protection against self-incrimination by allowing his former attorneys to testify against him; (2) that the trial court violated Petitioner's Sixth Amendment right to counsel by disqualifying Petitioner's retained counsel; (3) that the trial court's restitution order was unlawful; (4) that the evidence against Petitioner was legally insufficient to convict; and (5) that Petitioner's counsel was constitutionally ineffective.

## DISCUSSION

The Court addresses Petitioner's three motions in turn.

### I. Motion to Appoint Counsel

A habeas corpus petitioner has no constitutional right to counsel. See Green v. Abrams, 984 F.2d 41, 47 (2d Cir. 1993) (citing United States ex rel. Wissenfeld v. Wilkins, 281 F.2d 707, 715 (2d Cir. 1960)). A court may, however, appoint counsel when required by the interests of justice. See 18 U.S.C. § 3006A(a)(2)(B). If a petitioner's claims may be fairly determined on written submissions, appointment of counsel normally is not warranted. See Adams v. Greiner, No. 97-CV-3180, 1997 WL 266984, at *1 (S.D.N.Y. May 20, 1997).

In deciding whether to exercise their discretion to

appoint counsel in habeas corpus proceedings, courts look to the standard set forth by the Second Circuit in determining whether to appoint counsel to indigent civil litigants under 28 U.S.C. § 1915. See Tejada v. Suffolk County, No. 05-CV-2961, 2007 U.S. Dist. LEXIS 20043, at *6 (E.D.N.Y. 2007). As such, a court must first ascertain "whether the indigent's position seems likely to be of substance." Hodge v. Police Officers, 802 F.2d 58, 61 (2d Cir. 1986); see also Cooper v. A. Sargenti Co., 877 F.2d 170, 172 (2d Cir. 1989). If the claim meets this threshold requirement, the Court then considers other criteria, including "the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of legal issues" implicated, or any other circumstance which would render appointment appropriate. Hodge, 802 F.2d at 61-62. In deciding whether to appoint counsel, the Court remains mindful that an appointed lawyer's time is a precious commodity that should not be allocated arbitrarily. See Cooper, 877 F.2d at 172.

Having considered the Hodge factors and reviewed Petitioner's filings in this proceeding, the Court finds that appointment of counsel is not warranted at this time.

3

Petitioner asserts five grounds for relief, including that his trial counsel rendered ineffective assistance and that the evidence was legally insufficient to convict. The Court declines to appoint counsel at this juncture because the issues here do not appear to require extensive fact investigation and it seems Petitioner's case will likely be resolved on written submissions. This decision is without prejudice to Petitioner's ability to re-apply for appointed counsel should circumstances warrant at a later date, and the Court, if appropriate, will revisit whether appointed counsel is warranted when it addresses Petitioner's claims on their merits.

II. Release Pending the Court's Habeas Decision

Petitioner also moves the Court for a new trial and an order securing his release pending the Court's decision on his habeas petition. (Docket Entry 12.) This motion is essentially an abridged restatement of the arguments presented in the main petition. Petitioner's motion is DENIED for now, and the Court will address whether Petitioner is entitled to his freedom or a new trial when it considers his petition.

III. Discovery

In a series of letters, Petitioner seeks from the District Attorney's office certain documents that he has been unable to obtain from his former counsel. (See Docket Entries

23, 25, 26, 28.) Counsel for Respondent has reviewed Petitioner's case file and has offered to provide those documents that are responsive to Petitioner's Freedom of Information Law ("FOIL") request at a copying cost of $16.75 (67 pages @ $.25). (Docket Entry 27.) This does not moot Petitioner's request, though, because if he is entitled to the documents through discovery, he is entitled to obtain them without charge. For the reasons that follow, however, Petitioner is not entitled to these documents through discovery, but he may obtain the documents on the terms offered by Respondent's counsel.

Discovery in habeas petitions is generally limited since such petitions are usually based on the state court's available record. Rule 6 of the Rules on § 2254 cases, which govern habeas corpus petitions challenging state convictions, provides that the Court may authorize discovery for good cause shown. "To establish good cause, a petitioner must 'set forth specific allegations that provide reason to believe the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief [ ].'" Santiago v. Laclair, No. 08-CV-9906, 2009 WL 1748078, at *1 (S.D.N.Y. June 19, 2009) (quoting Defino v. Thomas, No. 02-CV-7413, 2003 WL 40502, at *4 (S.D.N.Y. 2003)). Here, Petitioner seeks copies

of the warrant application, the warrant itself, the Petitioner's victims' statements, and Investigator Daniel Rizzo's notes. (See Docket Entry 23.) The Court finds that Petitioner "has failed to make specific allegations showing that he might be entitled to the habeas corpus relief he seeks if the facts are more fully developed through the discovery that he seeks." Santiago, 2009 WL 1748078, at *1. Specifically, it is unclear how the information contained in the documents Petitioner seeks would bear on any of the grounds he asserts in his petition. Accordingly, his request for discovery is DENIED.

## CONCLUSION

Based on the foregoing, Petitioner's motion to appoint counsel is DENIED WITHOUT PREJUDICE. Petitioner may re-apply for appointed counsel at a later time, and the Court will revisit, if appropriate, whether the appointment of counsel is warranted when it considers Petitioner's claims on their merits. Petitioner's motion for his release pending the Court's decision on his habeas petition is DENIED. For clarity's sake, the Court emphasizes that this Order is **not** a denial of Petitioner's claims themselves; the Court will consider his petition in due course. Finally, Petitioner's requests for discovery are DENIED.

The Clerk of the Court is directed to mail Petitioner

a copy of this Order.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:   March 2, 2011
         Central Islip, New York